EDMUND H. BENNETT, Judge of Probate and Insolvency, *vs.* RICHARD G. OVERING & others.

If an administrator, who has been licensed to sell more of the real estate of his intestate than is necessary for the payment of debts, and has given a special bond as required by the Rev. Sts. *c.* 71, § 6, to account for the surplus proceeds, is also guardian of the heirs at law of his intestate, who are all minors, and expends such surplus proceeds for the maintenance of his wards, it is his duty, in his administration account, to charge himself with such proceeds and credit himself with the sums expended for his wards as paid to himself as guardian; and if he neglects to render such account of the surplus proceeds in the probate court, he and his sureties on the special bond are liable in an action thereon for such surplus proceeds, deducting so much thereof as may be allowed to him in the settlement of his guardianship account in the probate court, as properly expended for the maintenance of his wards; and if he has rendered no account as guardian, an opportunity will be afforded to him to do so after judgment for the penalty of the bond.

Under the Rev. Sts. *c.* 70, § 10, an action may be brought in this court upon a special bond given under *c.* 71, § 6, by an administrator, licensed to sell more real estate than is necessary for the payment of debts, to account for the proceeds.

Upon a special bond given under the Rev. Sts. c. 71, § 6, by an administrator licensed to sell more real estate than is necessary for the payment of debts, to account for the surplus proceeds, an action will lie after neglect for an unreasonable time to render such an account in the probate court, although he has not been cited to do so.

ACTION OF CONTRACT, brought for the benefit of the next of kin of Norris Anderson, upon a bond made on the 15th of May 1839 to the judge of probate for the county of Bristol by the defendant Overing as principal and the other defendants as sureties, under the Rev. Sts. *c.* 71, § 6, upon his being authorized as administrator of Anderson to sell all the real estate of his intestate, because by a partial sale the residue would be injured; and conditioned that Overing " in the sale thereof shall faithfully observe the rules and directions of law in the sale of real estate by executors and administrators, and shall account for and make payment of all the proceeds of said sale that shall remain after the payment of debts and charges for which the land was sold, agreeably to the rules of law in such case provided." Writ dated February 19th 1859. The case is stated in the opinion.

*T. M. Stetson,* (*T. D. Eliot* with him,) for the plaintiff.

*R. C. Pitman,* for the defendants.

CHAPMAN, J. It appears by the pleadings and the agreed statement of facts, that Overing, who was administrator of

the estate of Norris Anderson, deceased, had occasion to sell a part of the real estate of the deceased for payment of debts, and had license to sell the residue on the ground that it would be injured by a partial sale, and the bond in suit was given upon this license under the Rev. Sts. c. 71, § 6. After making the sale and paying the debts, it is agreed that there remained in his hands the sum of $610.50, as stated in the declaration. Since making the sale, he has not rendered any account in the probate court. The deceased left three minor children of whom Overing was guardian, and he has rendered no account of his guardianship; but he alleges in his answer that he has expended the whole of the money for boarding and clothing two of the minors; and it is agreed that he would testify to this expenditure, and would also testify that after payment of the debts he considered that he held the balance in his hands as guardian of said minors, and with the intent to dispose of and use the same for their benefit, but that he did no act to transfer said balance to himself in his capacity of guardian. The sureties in the bonds which he has given are interested as well as himself in the questions arising upon this state of the case. Guided by the language of the Revised Statutes, we should come to the following conclusions:

The form of the administration bond as prescribed in c. 64, § 5, taken in connection with c. 65, §§ 8, 9, authorizing the sale of real estate to pay debts, and providing that the administrator shall be accountable as to such sales on his administration bond, shows that this bond was not designed to apply to the sale of the residue. But the statutes treat such sale as a special trust; and chapter 71, which authorizes the sale, provides a separate and special bond for it. By § 6, "when the administrator is licensed to sell more than is necessary for the payment of debts, he shall before the sale give bond with sufficient surety or sureties to the judge of probate for the county in which he was appointed, with condition to account for all the proceeds of the sale that shall remain after payment of the debts and charges for which the land was sold, and to dispose of the same according to law." This language is not obscure. It does not

apply to so much of the proceeds of the sale as is needed for payment of debts and charges, but leaves the administrator to account for that part under his general bond. As to the balance, he is to account for it under this bond, and dispose of it according to law. The first mentioned duty is to account for it, and the account is to be rendered in the probate court, and nowhere else. On the presentment of an account in that court, all parties may be heard, and provision is made for determining all their rights.

If he is to pay it over to himself as guardian, still the account is to be rendered in the probate court, where interested parties can be heard, and where the account can be most properly settled. When his account is allowed there, crediting the money to himself as administrator, and charging it to himself as guardian, the special trust is fulfilled, and the condition of the special bond is performed. He then becomes liable on his bond as guardian, and not till then. He may indeed use the funds as guardian for the benefit of the wards before rendering an account under his special bond; and in such case equity will regard him as having in his capacity of executor furnished the funds to himself as guardian. *Mattoon* v. *Cowing*, 13 Gray, 387.

If a third person had been guardian and the funds had been paid to him, but no account had been rendered, it would be similar to this case in its substantial equity. In the case of *Mattoon* v. *Cowing*, already cited, two suits were pending. One of them was upon the general bond, and also on the special bond given for the sale of real estate more than was necessary to pay debts; and the other was on the guardian's bond. The court had the whole matter before it; and therefore ordered the allowance to be made to the executor for what he had actually expended for the benefit of the wards as guardian; but remarked that it would have been more correct in form, if these sums had been credited, in making up his account as executor, as paid over to the guardian, and charged to the guardian as received from the executor. But in the present case it would be more convenient and proper to have the settlement regularly made in the probate court; especially as a question is made in regard to the propriety of expending the whole sum for the bene-

fit of two of the wards.  If it shall appear upon the settlement of a guardianship account that Overing has expended money which ought properly to be allowed to him as guardian, the same sum should be allowed him on the special bond, and judgment should be rendered against the defendants for the balance.

The case of *Fay* v. *Taylor*, 11 Met. 529, is relied on by the defendants to sustain the position that there is no liability upon this bond.  But that case was not like the present.  It was upon a bond given by a guardian upon a license to sell real estate of the ward, with condition to account for the proceeds. It was held that this condition being thus special and limited, it related only to the management of the sale and its preliminaries and the investing of the proceeds ; and that when he took these proceeds into his hands, he held them under his general bond.  But the present is a different bond with a different condition, and the duties which it requires are different.

It is objected that this is not such an administration bond as by the Rev. Sts. *c.* 70, § 10, may be sued in this court.  But the court are of opinion that the provisions of that statute, fairly interpreted, extend to this as an administration bond.

It is further objected that if it is such a bond, no action lies upon it till Overing has been cited to render an account in the probate court.  The case of *Brooks* v. *Brooks*, 11 Cush. 18, is cited to this point.  But the decision in that case related to a guardian's bond, the condition of which is, as before remarked, very different from this, and requires accounts to be rendered at such times as the court shall direct.  Rev. Sts. *c.* 79, § 5.  The condition of this bond requires the administrator to account for all the proceeds of the sale that shall remain after payment of the debts and charges for which the land is sold, and to dispose of the same according to law   Within the terms of this condition the account should be rendered in a reasonable time.  The administrator has been guilty of unreasonable neglect in this case, and is subject to the action.

Judgment is to be rendered for the penalty of the bond, and the case must be postponed in order that accounts may be settled in the probate court in conformity with the principles above stated.            *Judgment for the plaintiff accordingly.*